[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on September 14, 1996 at Milford, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties married in September 1996 and separated in May 1998. During that time the parties went through the $10,000 they received at their wedding and ran up their credit cards in spite of the fact that both parties had decent paying jobs.
The plaintiff is 26 years of age and in good health. She left college after 2 years and then went to Katherine Gibbs Business School. She presently earns approximately $25,675 per year.
The defendant is 25 years old and in good health. He completed his college education and is presently earning approximately $43,000 per year.
The parties had a joint checking account into which both paychecks were deposited. The plaintiff had 3 credit cards at the time of the marriage. The plaintiff claimed honeymoon and wedding expenses were put on her credit cards. In March 1997, the parties took out a $9,000 loan from First Union Bank and paid down on their credit cards. The defendant claims the bulk of this loan paid down the plaintiff's expenses. The balance on this loan at the time of trial was $6839.
The court is not going to engage in a contribution — credit analysis in the case of this married couple and their joint debts and assets. CT Page 691
No useful purpose would be served by a review of all the evidence presented concerning the charges, payments and credits made in connection with the credit cards and loans. Both parties would be best advised to cancel their credit cards and live within their means.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall issue:
1. The defendant is ordered to pay one half of the balance due on the First Union Bank Loan. The defendant's obligation shall be $3419.50 and it shall be paid by the defendant at the rate of $50 per week. The plaintiff shall be responsible for the other one half of this loan.
2. Both parties shall be equally liable for the indebtedness owed to Bally's Fitness. Each party shall be responsible for one-half the balance due which is approximately $369. — until said debt is paid in full.
3. The plaintiff shall retain sole ownership of her U.S. Savings Bond.
4. The First Union Bank CD, a gift to both parties, shall be equally divided between the plaintiff and the defendant.
5. The Federal Income Tax Refund of $299 and the State of Connecticut Tax Rebate of $150 shall be equally divided between the parties.
6. The plaintiff is entitled to one half of the parties State of Connecticut Tax Refund of $778. The defendant had the advantage of filing a joint return with the plaintiff and claiming the plaintiff as an exemption.
7. The defendant shall be solely responsible for the loan from American Broadcasters Federal Credit Union. The defendant shall indemnify and hold the plaintiff harmless from any claim thereon.
8. The plaintiff shall be responsible for the remaining CT Page 692 credit card debts and bills set forth in her financial affidavit and she shall hold the defendant harmless therefrom.
9. The defendant shall be responsible for the remaining credit card debts and bills as set forth on his financial affidavit and he shall hold the plaintiff harmless therefrom.
10. No alimony is awarded to either party.
11. Each party shall be responsible for their respective counsel fees.
12. The plaintiff is granted a change of name to Zygmont.
COPPETO, J.